IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL., | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:13-CV-00775-N-BG |
| PABLO M. ALVARADO, ET AL., | § § § | |
| Defendants. | § | |

_____

**RECEIVER'S MOTION TO SEVER CLAIMS AGAINST
DEFENDANT JACK STALEY AND FOR ENTRY OF SCHEDULING ORDER
AND LEAVE TO FILE AMENDED COMPLAINT IN SEVERED ACTION**
_____

Plaintiff Ralph S. Janvey, in his capacity as Court-appointed Receiver for the Stanford entities, hereby files this motion requesting that the Court (1) sever the claims in this action against Defendant Jack Staley into a separate action, (2) enter a scheduling order in the severed action with a trial date in November 2015 or as soon thereafter as is convenient for the Court, and (3) grant the Receiver leave to file the attached First Amended Complaint Against Jack Staley in the severed action. The Receiver respectfully requests that the Court grant this motion in the interests of justice, efficiency, and judicial economy.

**Summary**

On February 15, 2013, the Receiver filed suit against twenty-three directors and officers of various Stanford entities, including Staley, alleging breach of their fiduciary duties. (*See* Doc. 1.) Staley was employed by Stanford from 2006 until 2009. He served as President of Stanford Group (Suisse) AG ("SGS") and Chairman of SGS's Board of Directors.

The Receiver's claims against Staley are best addressed in a separate action from the remaining defendants. Because of Staley's unique position as President and Chairman of the Stanford entity that was located in Switzerland, which Allen Stanford used to market and sell his fraudulent SIB CDs in Europe, the Middle East, and Africa, the facts underlying the Receiver's claims against Staley are somewhat distinct from the facts underlying the Receiver's allegations against the other defendants in this action. Thus, in the interest of efficiency, the Receiver respectfully requests that the Court exercise its discretion to sever the claims against Staley into a separate action.

In addition, the Receiver seeks leave to file the attached First Amended Complaint in the severed action, (*see* App. at 2–22), in order to conform the complaint to the evidence as it has developed since the Original Complaint was filed. Because the Receiver seeks to amend the complaint in the interest of justice and not for any improper purpose, the Court should grant the Receiver leave to file the First Amended Complaint in the severed action.

Lastly, the Receiver asks the Court to enter a scheduling order in the severed action. A trial in November 2015, or as soon thereafter as is convenient for the Court, will give the parties adequate time to prepare for trial.

**Argument & Authorities**

A district court has broad discretion to sever claims "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *see also* Fed. R. Civ. P. 21 (empowering courts to "sever any claim against a party"); *Applewhite v. Reichhold Chemicals, Inc.*, 67 F. 3d 571, 574 (5th Cir. 1995) (a district court has broad discretion to order a separate trial "in furtherance of convenience or economy"). Severing the claims against Staley and permitting the Receiver to file the First Amended Complaint in the severed action serves the

Court's interest in the efficient resolution of claims because it will allow the trial to focus on the unique set of facts relevant to Staley.

SGS was the Stanford entity that Allen Stanford used to market and sell his fraudulent SIB CDs in Europe, the Middle East, and Africa. As President of SGS and Chairman of SGS's Board of Directors, Staley knew that SGS was not a profitable enterprise and that SGS relied on funds from the other Stanford entities to cover its losses and continue its operations. Staley also knew that the funds SGS received from the other Stanford entities were treated, for accounting purposes, as an increase to SGS's share capital, even though the Stanford entities providing the funds did not own any of SGS's shares and did not receive other consideration for the transfers. Given his unique position as an executive for Stanford's European, Middle Eastern, and African operations, the facts underlying the Receiver's allegations against Staley are best addressed in a separate action, and this Court should grant the Receiver's motion to sever his claims against Staley.

If the Court grants the Receiver's motion to sever his claims against Staley, the Receiver respectfully requests that he also be granted leave to file the attached First Amended Complaint in the severed action, so as to conform the complaint to the evidence as it has developed since the Original Complaint was filed. Rule 15(a)(2) provides that the Court "should freely give leave [to amend] when justice so requires." *See* FED. R. CIV. P. 15(a)(2). The Fifth Circuit has held that in exercising its discretion under Rule 15(a)(2), the Court "may consider such factors as prejudice to the opposing party, undue delay, repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment." *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982). None of the foregoing considerations weighs against granting the Receiver's motion. The Receiver seeks to amend his

complaint against Staley in the interest of justice and not in bad faith or based on any dilatory or other improper motive. Further, the Receiver seeks leave to amend within the time established by this Court to do so in the scheduling order pertaining to the Original Complaint. (*See* Doc. 98. at ¶ 2; *see also, e.g.*, *Poly-Am., Inc. v. Serrot Int'l, Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) ("[Movant] sought leave to amend before the court-ordered deadline. The court in entering its scheduling order presumptively determined that a motion filed before the deadline for seeking amendments to pleadings would not be deemed dilatory."). Accordingly, the Receiver should be granted leave to file his First Amended Complaint.

Lastly, the Receiver asks that the Court enter a scheduling order in the severed action. A trial in November 2015, or as soon thereafter as is convenient for the Court, will give the parties adequate time to prepare for trial and therefore will best serve the interest of justice.

### Conclusion

The Receiver therefore respectfully requests that the Court grant the Receiver's motion; enter an order severing the claims against Staley into a separate action; grant the Receiver leave to file the attached First Amended Complaint in the severed action; and enter a scheduling order in the severed action with a trial date of November 2015 or later.

Dated:  August 29, 2014          Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: /s/ Scott D. Powers
   Kevin M. Sadler
   Texas Bar No. 17512450
   kevin.sadler@bakerbotts.com
   Scott D. Powers
   Texas Bar No. 24027746
   scott.powers@bakerbotts.com
   David T. Arlington
   Texas Bar No. 00790238
   david.arlington@bakerbotts.com
   Baker Botts L.L.P.
   98 San Jacinto Blvd., Suite 1500
   Austin, Texas 78701-4039
   512.322.2500
   512.322.2501 (Facsimile)

**ATTORNEYS FOR RECEIVER RALPH S. JANVEY**

**CERTIFICATE OF CONFERENCE**

On August 18, 2014, I conferred with Brian Tagtmeier, counsel for Defendant Jack Staley, regarding this motion. Mr. Tagtmeier has not informed me of Mr. Staley's position on this motion and the relief requested herein. Therefore, this motion is opposed.

/s/ Scott D. Powers
Scott D. Powers

**CERTIFICATE OF SERVICE**

On August 29, 2014, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I will serve all counsel of record electronically or by other means authorized by the Court or the Federal Rules of Civil Procedure.

/s/ Scott D. Powers
Scott D. Powers