UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, *et al.*, | § § | |
| Plaintiffs, | § § § | Case No. 3:10-CV-2583-N-BG |
| v. | § § § | |
| DANIEL T. BOGAR, *et al.*, | § § | |
| Defendants. | § § | |

### REPORT AND RECOMMENDATION

This action is one of many brought by court-appointed Receiver Ralph S. Janvey (Receiver) and the Official Stanford Investors Committee (Committee) (collectively, Plaintiffs) to recover monies allegedly used to further R. Allen Stanford's Ponzi scheme and paid to investors and employees of Stanford entities. The Defendants are Daniel T. Bogar and Brandilyn Bogar. The Plaintiffs identify Mr. Bogar as former chief executive officer and president of Stanford Group Company and the managing director and a member of the board of directors for Stanford Group Holdings, Inc. They identify Brandilyn Bogar as Mr. Bogar's wife and niece of James M. Davis, former chief financial officer of Stanford Financial Group.

The Plaintiffs bring a claim of fraudulent transfer and, in the alternative, a claim of unjust enrichment alleging that CD proceeds totaling over $3 million were paid for Mr. Bogar's regular earnings, bonuses, and expenses and that the Bogars received the same either directly or indirectly.

Now before the court is the Bogars' motion to dismiss the Plaintiffs' first amended complaint (ECF No. 13), which was referred to the undersigned magistrate judge for findings, conclusions, and recommendations. *See* Orders, *In re Stanford Entities Secs. Litig.*, 3:09-MD-2099-N (N.D. Tex. Dec. 11, 2012, Feb. 13, 2014) (ECF Nos. 34, 50).

**I.      The Bogars' Arguments**

The Bogars move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) arguing that (1) the fraudulent transfer and unjust enrichment claims do not meet the minimum pleading requirements of Rule 8(a) or the heightened pleading requirements of Rule 9(b); (2) the complaint fails to state a claim upon which relief can be granted as to Mrs. Bogar because the Plaintiffs have not alleged any facts that would tie her to any of the alleged transfers other than her family relationships; and (3) certain alleged transfers are barred by the applicable statute of limitations.

**II.     Discussion**

  A. *The Plaintiffs' allegations state claims upon which relief can be granted and satisfy the pleading requirements of Rules 8(a) and 9(b)*

The Bogars advance arguments that other defendants in the Stanford litigation have advanced and that the court has rejected. The court should do likewise in this case. In support of their fraudulent transfer claim, the Plaintiffs cite to portions of the Texas Uniform Fraudulent Transfers Act (TUFTA) and allege that R. Allen Stanford and others operated a Ponzi scheme; CD proceeds from the Ponzi scheme were transferred to the Bogars, who were "insiders" and received the proceeds directly or indirectly for the purpose of concealing and perpetuating the scheme and with actual intent to hinder, delay, or defraud creditors; the Bogars did not provide reasonably equivalent value and cannot establish that they are good-faith transferees; and the Plaintiffs are entitled to disgorgement of the CD proceeds because the payments constitute fraudulent transfers under applicable law. Am. Compl. ¶¶ 19, 30, 37–41. The court has previously found such allegations sufficient to state a fraudulent transfer claim under TUFTA and survive a

Rule 12(b)(6) motion to dismiss. *See, e.g.*, Order, *Janvey v. Univ. of Miami*, 3:11-CV-041-N, at 7–8 (N.D. Tex. July 11, 2013) (ECF No. 44).

Plaintiffs' unjust enrichment claim likewise satisfies Rule 12(b)(6). The Plaintiffs allege that they are entitled to disgorgement of the CD proceeds because the Bogars were unjustly enriched by the CD proceeds; the CD proceeds in equity and good conscience belong to the Receivership Estate; and it would be unconscionable for the Bogars to retain the funds. Am. Compl. ¶¶ 45–46. Such allegations have survived motions to dismiss in other Stanford cases and should in this case. *See* Order, *Univ. of Miami*, 3:11-CV-041-N, at 10 (finding that the Plaintiffs' allegation that the "University obtained a benefit from the Stanford Defendants' scheme that equity dictates they cannot retain justly" stated an unjust enrichment claim). The court has further found that when the allegations satisfy Rule 12(b)(6), they satisfy Rule 8(a)'s pleading requirements. *Janvey v. Alguire*, 846 F. Supp. 2d 662, 675 (N.D. Tex. 2011).

Finally, contrary to the Bogars' contentions, Rule 9(b) does not apply to the Plaintiffs' claims. *See*, *e.g.*, Order, *Janvey v. Merge Healthcare, Inc.*, 3:10-CV-1465-N, at 7 (N.D. Tex. Apr. 16, 2014) (ECF No. 64) ("The Court has repeatedly held that Rule 9(b) does not apply to the Receiver's TUFTA and unjust enrichment claims"). Even if Rule 9(b) applied, the Plaintiffs have pleaded in conformity with the rule.

  B. *<u>The Plaintiffs' allegations state claims against Mrs. Bogar</u>*

The Bogars claim that Plaintiffs' allegations show only that the alleged transfers were compensation to Mr. Bogar in his capacity as president of Stanford Group Company and that there are no allegations that Mrs. Bogar was the recipient of any of the transfers. They argue that the payments at issue were payments to Mr. Bogar as compensation, bonuses, and reimbursed expenses

and that Mrs. Bogar was never employed by and never received payment from any Stanford entity. They contend that the Plaintiffs consequently do not state a claim against Mrs. Bogar.

The Bogars' arguments do not require dismissal of the claims against Mrs. Bogar. The Plaintiffs assert an "actual intent" fraudulent transfer claim under section 24.005(a) which directs that a transfer "is fraudulent . . . if the debtor made the transfer . . . with actual intent to hinder, delay, or defraud any creditor of the debtor." TEX. BUS. & COM. CODE § 24.005(a)(1) (West 2014). "'Transfer' means every mode, direct or indirect." § 24.002(12) (West 2014). The Plaintiffs have alleged that the Bogars received the CD proceeds "directly or indirectly." Am. Compl. ¶¶ 4, 8, 40, 42, 46, 49. Although TUFTA does not define "transferee," the act provides that judgment may be entered against the first transferee of the asset or "any subsequent transferee other than a good faith transferee who took for value." § 24.009(b)(1),(2). As Mr. Bogar's wife, Mrs. Bogar received indirect transfers and was a subsequent transferee of the CD proceeds. The Plaintiffs have therefore stated a TUFTA claim upon which relief can be granted against Mrs. Bogar. The Plaintiffs have also stated an unjust enrichment claim against Mrs. Bogar: they have alleged that the Bogars were unjustly enriched by the CD proceeds and it would be unconscionable for them to retain the funds. Am. Compl. ¶ 47. "Unjust enrichment occurs when the person . . . wrongfully secured a benefit or has passively received one which it would be unconscionable to retain." *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W. 3d 348, 367 (Tex. App.—Dallas 2009, pet. denied).

C. *Statute of limitations*

The Plaintiffs allege that the Bogars received CD proceeds for Mr. Bogar's regular earnings beginning in September 2006, quarterly bonuses beginning in October 2006, and

reimbursed expenses beginning in March 2006. The Bogars contend that any transfers prior to December 17, 2006—transfers made four years prior to the filing of this action on December 17, 2010—are barred by TUFTA's statute of limitations. The Bogars' argument must be rejected. TUFTA allows an action to be brought against a transferee of a fraudulent transfer "within four years after the transfer was made" or "within one year after the transfer . . . was or could reasonably have been discovered by the claimant." TEX. BUS. & COM. CODE § 24.010(a)(1). The Plaintiffs have alleged that they were only able to discover the fraudulent nature of the transfers after Stanford and others were removed from their posts and after a time-consuming and extensive review of documents. Am. Compl. ¶ 45. The Plaintiffs have therefore pleaded that the complaint was filed within one year of discovering the fraudulent nature of the conveyances. Accordingly, the allegations demonstrate compliance with the one-year discovery rule in section 24.010(a)(1). *See Janvey v. Democratic Senatorial Campaign Comm., Inc.*, 712 F. 3d 185, 194–95 (5th Cir. 2013) (acknowledging that the TUFTA limitations period does not begin to run until the discovery of the *fraudulent nature* of the transfer rather than the transfer itself) (emphasis in original); *see* Report and Recommendation, *Janvey v. Suarez*, 3:10-CV-2581-N-BL, at 23–25 (ECF No. 21) (Aug. 26, 2013) (rejecting identical argument) (adopted ECF No. 22).

### III.   Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the district court **DENY** the Bogars' motion in its entirety.

### IV.   Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file

specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    Dated:    May 1, 2014.

_____
NANCY M. KOENIG
United States Magistrate Judge