IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:13-CV-0775-N |
| REBECCA HAMRIC, *et al.*, | § § § | |
| Defendants. | § | |

**ORDER**

This Order addresses the Receiver's amended motion to sever claims against Defendants Robert Glen Rigby and Rebecca Hamric, to consolidate them with the Receiver's claims against Pablo Alvarado in *Janvey v. Alvarado*, Civil Action No. 3:10-CV-2584-N (N.D. Tex. filed Dec. 17, 2010), and to file an amended complaint [176].[1] Because the Court finds that severance would work in favor of judicial economy, the Court grants the Receiver's motion.

**I. STANDARD FOR SEVERANCE**

A district court has broad discretion to sever "any claim against a party." FED. R. CIV. P. 21; *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). "Severance of claims pursuant to Rule 21 is based on the concepts of judicial efficiency and fairness to the

---

[1]This motion was also filed as doc. 55 in 3:10-CV-2584-N. The amended motion to sever moots doc. 53 in 3:10-CV-2584-N, and doc. 159 in 3:13-CV-0775-N.

parties." *In re Cybertronics Inc. Sec. Litig.*, 468 F. Supp. 2d 936, 940 (S.D. Tex. 2006). A court should not grant a motion to sever if it would "prolong the ultimate termination of an action, add to the cost of resolving the lawsuit, create duplicitous litigation, or increase the likelihood of inconsistent verdicts." *El Aguila Food Prods., Inc. v. Gruma Grp.*, 167 F. Supp. 2d 955, 961 (S.D. Tex. 2001). A district court also has discretion to consolidate claims under Rule 42 "in furtherance of convenience or economy, or to prevent prejudice." *Applewhite v. Reichhold Chems. Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). Rigby and Hamric do not object to severance, but rather to the Receiver's proposed consolidation in to the *Alvarado* action. Accordingly, the Court considers only whether consolidation is appropriate.

## II. THE COURT GRANTS THE RECEIVER'S MOTION

Consolidation is appropriate here because the Receiver asserts claims against Rigby and Hamric that bear legal and factual similarity to those asserted against Alvarado. Of primary significance, each of the three individuals were attorneys for the Stanford Financial Group Company, and thus owed similar duties that are implicated in the proposed amended complaint. The Receiver alleges a number of commonalities in his claims against each individual, including their exposures to regulatory investigations that form part of the factual basis for the Receiver's claims.

Consolidation will not result in undue delay. Rigby and Hamric contend that consolidation into the *Alvarado* action will postpone the resolution of that case. While that may be true, any resulting delay should be counterbalanced against the time saved through

severance from the current action, an action which features a number of disparate actors and various legal theories. Here, Rigby and Hamric fit better, legally and factually, into the *Alvarado* action. That fit will result in speedier pretrial proceedings than would have likely occurred in the current action. Accordingly, the Court finds a net efficiency gain in consolidation.

Finally, the Court finds any risk of prejudice is insufficient to bar consolidation here. Both Rigby and Hamric argue that Alvarado was more culpable in the Stanford scheme, exposing them to the threat of prejudice should the jury fail to distinguish each Defendant. At this stage, this concern is too speculative to warrant denying consolidation. Should the Court find as trial approaches that a substantial risk of prejudice exists, it may again exercise its discretion to order separate trials. *See* FED. R. CIV. P. 42(b). But at this stage, where so many entangled parties and theories of recovery exist within a group of related cases, the Court finds the pretrial efficiencies to be gained warrant consolidation.

Finally, the Court grants the Receiver's motion to file an amended complaint against Rigby, Hamric, and Alvarado in the *Alvarado* action. Neither Rigby nor Hamric object to the filing of an amended complaint, but Rigby requests the Court rule on his pending motion to dismiss prior to granting the Receiver leave. Because the Receiver asserts his amended complaint will moot Rigby's asserted bases for dismissal, the Court declines to delay in allowing the Receiver to file the amended complaint. The Court thus grants the Receiver leave to file the amended complaint.

## CONCLUSION

The claims, causes of action, and requests for relief asserted by Plaintiff Ralph S. Janvey against Defendants Robert Glen Rigby and Rebecca Hamric are severed from this civil action and consolidated with the Receiver's action against Pablo Alvarado in *Janvey v. Alvarado*, Civil Action No. 3:10-CV-2584-N.

The Court grants the Receiver leave to file his First Amended Complaint against Defendants in the action. The Court directs the Clerk of Court to file the First Amended Complaint, filed as Exhibit 1 in the Receiver's appendix to this motion [177], in No. 3:10-CV-2584-N, pursuant to Local Rule 15.1(b).

The Court directs the Clerk of Court to transfer the following documents from No. 3:13-CV-00775-N into No. 3:10-CV-2584-N:

[1] Complaint;

[23] Hamric's Answer;

[28] Rigby's Motion to Dismiss;

[29] Brief in Support of Rigby's Motion;

[42] Janvey's Response to Rigby's Motion to Dismiss;

[61] Rigby's Reply.

Signed December 3, 2014.

_____
David C. Godbey
United States District Judge